UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>Plaintiff,<br><br>v.<br><br>JIM BONNIFIELD, et al.,<br><br>Defendants. | Case No. 2:19-cv-10449-JVS-KES<br><br>REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This Report and Recommendation ("R&R") is submitted to the Honorable James V. Selna, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## INTRODUCTION

Kohen Diallo Uhuru ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), filed this civil rights action against CDCR staff at the California Men's Colony in San Luis Obispo

("CMC"). He is also suing the Secretary of the CDCR for injunctive relief. He alleges that in 2017 and 2018, Defendants violated his constitutional rights by interfering with the practice of his Nubian Hebrew Israelite ("NHI") religion.

The Court screened Plaintiff's initial filings before service on Defendants under the Prison Litigation Reform Act ("PLRA"), see 28 U.S.C. § 1915A(a)-(b), and dismissed his Complaint and First Amended Complaint with leave to amend. (Dkt. 1, 10, 20, 30, 32.) The Court allowed the following claims from the operative Second Amended Complaint ("SAC" at Dkt. 38) to proceed:

- Free Exercise and Equal Protection § 1983 claims based on denial of NHI group worship at CMC against Defendants Bonnifield, Gastelo, Alderson, Samuel, Ingwerson, Steck, and Williams in their individual capacities;
- Free Exercise and Equal Protection § 1983 claims based on denial of an NHI chaplain or inmate minister against Defendant Gastelo in her individual capacity;
- Free Exercise and Equal Protection § 1983 claims based on denial of NHI religious banquets against Defendants Bonnifield, Gastelo, Alderson, Ingwerson, and Steck in their individual capacities;
- RLUIPA claim based on denial of NHI religious banquets against Defendant Allison in her official capacity;
- Free Exercise § 1983 claim based on Plaintiff being forced to work on the NHI Sabbath against Defendant Gomez in his individual capacity;
- Free Exercise § 1983 claim based on loss or damage to Plaintiff's religious property against Defendant Davidson in his individual capacity; and
- RLUIPA claim based on loss or damage to Plaintiff's religious property against Defendant Davidson in his official capacity.

(See Dkt. 50 [Report and Recommendation or "R&R"]; Dkt. 52 [Order Accepting R&R].)

Defendants now move to dismiss the SAC based on improper joinder under Federal Rules of Civil Procedure 18(a) and 20(a). ("Motion" at Dkt. 87.) As explained further below, the motion should be denied.

## II.

## LEGAL STANDARDS

### A. When Multiple Defendants May Be Joined in the Same Action

"A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). In other words, a "plaintiff may properly assert multiple claims against a single defendant." Givens v. Cal. Dep't of Corr. & Rehab., No. 19-cv-0017, 2020 U.S. Dist. LEXIS 48914 at *2, 2020 WL 1324085 at *1 (E.D. Cal. Mar. 20, 2020); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("multiple claims against a single party are fine").

Multiple defendants may be joined in one action if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Ninth Circuit courts interpret the first prong, the "same transaction or occurrence," fairly liberally, holding that it only "requires factual similarity in the allegations supporting" the claims, Visendi v. Bank of Am., N.A., 733 F.3d 863, 870 (9th Cir. 2013), "related activities," and "similarity in the factual background of a claim." Lindora, LLC v. Isagenix Int'l, LLC, 198 F. Supp. 3d 1127, 1149 (S.D. Cal. 2016) (quoting Jacques v. Hyatt Corp., No. 11-cv-05364, 2012 U.S. Dist. LEXIS 102289 at *8, 2012 WL 3010969 at *3 (N.D. Cal. July 23, 2012)). "[T]here must be a logical relationship between events," and "joinder is not appropriate

where different products or processes are involved[.]" Corley v. Google, Inc., 316 F.R.D. 277, 283 (N.D. Cal. 2016) (citations and quotation marks omitted).

Regarding the second prong, the Ninth Circuit has held, "[T]he mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact," and claims will not be properly joined if they "involve[] different legal issues, standards, and procedures." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) (finding the fact that plaintiffs' claims were "all brought under the Constitution and Administrative Procedure Act" was insufficient to prove this element).

The joinder rules are "intended 'not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the [PLRA] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).'" Givens, 2020 U.S. Dist. LEXIS 48914 at *2, 2020 WL 1324085 at *1 (quoting George, 507 F.3d at 607).

"A determination on the question of joinder of parties lies within the discretion of the district court." Corley, 316 F.R.D. at 282 (quoting Wynn v. Nat. Broadcasting Co., 234 F.Supp.2d 1067, 1078 (C.D. Cal. 2002)). "The rules regarding permissive joinder are 'to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes.'" Id. (quoting League to Save Lake Tahoe v. Tahoe Reg. Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977)). "Even once [the Rule 20 permissive joinder] requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980)).

The moving party has the burden to show that defendants have been

misjoined. Cf. Hunger v. Philip Morris, 582 F.3d 1039, 1044 (9th Cir. 2009) (defendant seeking to prove fraudulent joinder of non-diverse defendant bears the burden of proof); Lindora, LLC v. Isagenix Int'l, LLC, 198 F. Supp. 3d 1127, 1149 (S.D. Cal. 2016) (party seeking separate trials under Fed. R. Civ. P. 21 "bears the burden of proving that separation of claims is necessary").

**B.     Remedy for Misjoinder**

"Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. As one court has explained:

> The effect of each option [dropping or severing] is quite different. When a court "drops" a [party] under Rule 21, that [party] is dismissed from the case without prejudice. … When that occurs, the statute of limitations is not tolled because we treat the initial complaint as if it never existed. … But when a court "severs" a claim against a [party] under Rule 21, the suit simply continues against the severed [party] in another guise. … The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period.

Corley v. Google, Inc., 316 F.R.D. at 293 (quoting DirecTV, Inc. v. Leto, 457 F.3d 842 845 (3d Cir. 2006)).

"[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, 467 F.3d at 846-47) (holding district court erred by dismissing rather than severing certain claims without evaluating prejudice to plaintiff). "[A]lthough the Ninth Circuit has not squarely addressed the issue, other circuits have generally held that a district court should sever rather than dismiss

5

parties when the statute of limitations comes into play." Corley, 316 F.R.D. at 294 (citing Elmore v. Henderson, 227 F.3d 1009, 1012 (7th Cir. 2000)).

### III.

### DISCUSSION

Defendants argue that the SAC "improperly assert[s] unrelated claims against different Defendants, and the allegations pertain to specific discrete instances and are not part of the same transaction or series of transactions. Nor is there … a question of fact that is common to all Defendants." (Mot. at 1-2.) Plaintiff filed an opposition to the motion ("Opp'n" at Dkt. 89).

Defendants' initial Motion argued that Plaintiff's SAC should be dismissed in its entirety without leave to amend. (Mot. at 2, 5, 7.) The Court asked Defendants to file a Reply addressing: (a) whether dismissal of the entire SAC was the proper remedy, or if only certain claims should be dropped or severed; and (b) whether some or all claims would be barred by the statute of limitations if they were dropped or dismissed. (Dkt. 90.)

Defendants timely filed the reply, in which they again argue that all of Plaintiff's claims should be dismissed. ("Reply" at Dkt. 92.) They assert that most of his claims would not be barred by the statute of limitations until January 2023, because the alleged "lack of services persisted until his transfer to a new prison on January 12, 2019." (Id. at 3.) In the alternative, they argue if the Court is inclined "to retain one of the disparate claims while dismissing the others, it should be the claim that Plaintiff was compelled to work on the NHI Sabbath by Defendant Custody Case Worker Gomez, because that is the sole claim for which it is unclear whether the statute of limitations has arguably run." (Id. at 4.)

All of Plaintiff's claims involve his alleged inability to practice his NHI religion at CMC in 2017 and 2018. The SAC alleges that, during this time period, most of the named Defendants met with him in person, in various combinations, about his requests for banquets, group worship services, and/or an NHI chaplain.

Other Defendants allegedly served on a Religious Review Committee at CMC that was responsible for reviewing "request[s] for … religious service accommodation[s]." Cal. Code Regs. tit. 15, § 3210(d) ("A request for a religious service accommodation that requires a specific time, location and/or item(s) not otherwise authorized, will be referred to a Religious Review Committee (RRC) for review and consideration. The RRC shall be comprised of designated chaplains, and a correctional captain or their designee.").

Plaintiff's claims do not resemble most of the other cases finding misjoinder in the prison context. For example, Plaintiff's claims all concern actions taken against him at the same prison in or around the same time period. Compare, e.g., Curry v. California Dep't of Corr. & Rehab., No. 09-cv-3408, 2011 U.S. Dist. LEXIS 29086 at *3, 2011 WL 855828 at *1 (N.D. Cal. Mar. 9, 2011) (finding plaintiffs' claims were improperly joined because there were "no allegations that [the plaintiffs] were at Salinas Valley (where the denial of [one plaintiff's] requests allegedly occurred) at the same time, or that any of defendants' acts or omissions were done with regard to them together"). Additionally, all of his claims concern his ability to practice his NHI religion. Compare, e.g., Bratton v. Curry, No. 07-cv-2928, 2008 U.S. Dist. LEXIS 4587 at *13, 2008 WL 117958 at *5 (N.D. Cal. Jan. 9, 2008) (finding that plaintiff's claims related to medical care did "not involve the same transaction, occurrence or series of transactions or occurrences as the denial of halal or kosher meat claims").

Two cases discussing joinder of Defendants in the context of prisoner lawsuits are persuasive in deciding the present motion.

In Rouser v. White, No. 93-cv-0767, 2010 U.S. Dist. LEXIS 21873, 2010 WL 843764 at *5 (E.D. Cal. Mar. 10, 2010), the district court found that retaliation claims against two defendants were properly joined with claims alleging that other defendants "infringed upon [the plaintiff's] right to practice his religion"; the plaintiff alleged that the retaliation was in response to "his filing of grievances

7

[about the religious practices] and litigation of this case." 2010 U.S. Dist. LEXIS 21873 at *4, 2010 WL 843764 at *5. The court reasoned that the claims were "part of the same series of transactions or occurrences alleged as to the other defendants" because, "while separate occurrences, these acts [were] part of an alleged continuing violation by defendants of plaintiff's ability to practice his faith." 2010 U.S. Dist. LEXIS 21873 at *18, 2010 WL 843764 at *5 (citing Coughlin, 130 F.3d at 1350 for the proposition that "[c]laims that arise out of a systematic pattern of events arise from the same transaction or occurrence").

In Williams v. CDCR, No. 09-cv-0784, 2009 U.S. Dist. LEXIS 135366, 2009 WL 10676067 (E.D. Cal. June 22, 2009), the district court dismissed the prisoner plaintiff's complaint for improper joinder, where the complaint alleged that different defendants took various adverse actions against him during the same five-month period, allegedly in retaliation for filing grievances and lawsuits, and as part of a conspiracy and/or "code of silence." The Ninth Circuit reversed that dismissal, finding the "pro se complaint, which we construe liberally, … sets forth sufficient allegations to meet the joinder test as to the various defendants." Williams v. Cal. Dep't of Corr. & Rehab., 467 F. App'x 672, 674 (9th Cir. 2012).

In the present case, Plaintiff similarly alleges that all Defendants were involved in denying his ability to practice his faith, at the same prison and in or around the same time period. Interpreted liberally, Plaintiff also alleges that Defendants personally and/or via official CDCR policies engaged in a pattern of discrimination against the NHI religion in favor other religions.

The only three Defendants who are not alleged to have been personally involved in responding to Plaintiff's requests for religious banquets and group worship—and who are arguably more severable from the other Defendants—are CDCR Secretary Allison, Custody Case Worker Gomez, and Receiving and Reception Correctional Officer Davidson. The claims against them are nevertheless properly joined in this action.

CDCR Secretary Allison is named in the SAC for the purpose of seeking injunctive relief under RLUIPA, specifically for changes to CDCR regulations regarding religious food. (SAC at 21; R&R at 18, 35-36, 55.) The requested changes are closely related to Plaintiff's claim that NHI adherents were improperly denied permission for Passover-type banquets, even though Jewish adherents are allowed to hold similar events.[1] The RLUIPA claim against Secretary Allison therefore is based on the same series of transactions or occurrences as the Free Exercise Clause claims based on the denial of banquets at CMC. These claims share common questions of law and fact, such as whether denying the banquets imposes a "substantial burden" on the exercise of Plaintiff's NHI religion. See generally Sprouse v. Ryan, 346 F. Supp. 3d 1347, 1357 (D. Ariz. 2017) ("The RLUIPA substantial-burden test is the same as that used under the First Amendment.").

Custody Case Worker Gomez allegedly forced Plaintiff to work on the NHI sabbath at CMC, starting in April 2017 and (it appears) continuing throughout Plaintiff's time at CMC. (SAC at 7; R&R at 40-41; see also Reply at 3 [interpreting the SAC as alleging that "the lack of services persisted until [Plaintiff's] transfer to a new prison on January 12, 2019"].) This Free Exercise Clause claim is likely to overlap significantly with the Free Exercise Clause claims related to the denial of NHI group worship on the NHI sabbath in or around the

---

[1] See Cal. Code Regs., tit. 15, § 3053 ("Inmate religious groups shall not be permitted more than two events each year where foods with religious significance are provided by the institution in place of the regularly planned meal. These event meals must be approved and sponsored by a Chaplain."); id., § 3054.2(e) (establishing a "Kosher Diet Program" and providing that "[o]bservance of Passover constitutes a single religious event, requiring kosher for Passover foods to be provided during the eight days of observance"); id., § 3054.5 ("Any alleged compliance violation of the Religious Diet Program Agreement shall be reported" and the Religious Review Committee "shall make the final determination of continuing eligibility" to participate in the program.).

1 | same time period. For example, both claims share common questions of fact
2 | regarding the nature of NHI religious practice on the sabbath day. Moreover, it
3 | seems likely that the Religious Review Committee at CMC (of which other
4 | Defendants are alleged to be members) would have reviewed any requests for a
5 | different work assignment.

6 |     Officer Davidson allegedly confiscated and/or damaged Plaintiff's religious
7 | property during his transfer away from CMC in January 2019. (SAC at 5, 21; R&R
8 | at 46-48.) The SAC alleges that Officer Davidson acted "hostile" toward Plaintiff
9 | and ignored official CDCR policies by refusing to let Plaintiff wear his religious
10 | headgear during his transfer and telling Plaintiff that he would not be allowed to
11 | take his religious items to the new prison. (Id. at 48.) Thus, the SAC appears to be
12 | alleging that his behavior was part of a pattern of discrimination against NHI
13 | adherents at CMC. (Compare id. at 5 [summarizing SAC's allegations that
14 | Chaplain Alderson and other Defendants began to block NHI religious practices
15 | after reviewing a proposed "NHI curriculum" entitled "School of Prophets"].) This
16 | Free Exercise Clause claim against Officer Davidson was therefore part of the same
17 | series of transactions or occurrences as the other claims. It will also share common
18 | questions of fact and law with the Free Exercise Clause claims against the other
19 | Defendants, such as the sincerity of Plaintiff's religious beliefs and the nature of
20 | NHI religious practices.

21 |     In sum, at this early stage of the litigation, and given the Court's obligation to
22 | construe Plaintiff's pro se pleadings liberally, Defendants have not carried the
23 | burden of showing that these claims are improperly joined.
24 | //
25 | //
26 | //
27 | //
28 |

10

## IV.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Court issue an Order: (1) approving and accepting this R&R, and (2) denying Defendants' motion to dismiss (Dkt. 87).

DATED: July 19, 2022

*Karen E. Scott*
KAREN E. SCOTT
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals but are subject to the right of any party to timely file objections as provided in the Federal Rules of Civil Procedure and the instructions attached to this Report. This Report and any objections will be reviewed by the District Judge whose initials appear in the case docket number.